McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Ste 10-100
Sacramento, CA 95814
Telephone (916) 554-2700



FILED

MAY 14 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
                          ) CR. NO. 2:08 CR 217 JAM
         Plaintiff,       )
                          ) VIOLATIONS: 18 U.S.C. § 1343 -
     v.                   ) Wire Fraud (eight counts); 18
                          ) U.S.C. § 1956(a)(1)(B)(ii) -
                          ) Money Laundering (four counts);
ALEXSANDR BERNIK,         ) 18 U.S.C. § 1014 - False
                          ) Statements in Loan Applications
         Defendant.       ) (four counts); Criminal
                          ) Forfeiture
_____)

I N D I C T M E N T

COUNTS ONE THROUGH EIGHT: [18 U.S.C. § 1343 - Wire Fraud]

The Grand Jury charges:

ALEXSANDR BERNIK,

defendant herein, as follows:

I.   INTRODUCTION

At all relevant times alleged in this Indictment:

1.   Defendant ALEXSANDR BERNIK resided in Roseville, California.

1

2. First Bank was a member of the Federal Deposit Insurance Corporation (FDIC). It maintained bank branches at various locations in the State and Eastern District of California, including in Roseville, California.

3. American Express Company was a financial services company that operated in the State and Eastern District of California and elsewhere. It provided financial services products to consumers, including charge cards. Among other things, it authorized merchants to charge American Express when an American Express customer initiated a transaction with the merchant using an American Express financial services product such as a charge card. In the United States, American Express charge card transactions were processed through American Express' main data processing center in Phoenix, Arizona.

4. The merchant charging American Express contacted that entity via wire and provided the account holders card number, expiration date, security code, and purchase amount. American Express' databases checked and verified the account information provided by the merchant and determined if the requested transaction was approved. If the transaction was approved, American Express remitted payment via an Automated Clearinghouse Network (ACH) deposit into the merchant's bank account of record.

## II. THE SCHEME TO DEFRAUD

5. Beginning in or about October 2005, through in or about November 2006, in the State and Eastern District of California and elsewhere, defendant ALEXSANDR "Alex" BERNIK did knowingly devise and intend to devise a material scheme and artifice to defraud American Express and its customers, and to obtain money

and property by means of materially false and fraudulent pretenses, representations, and promises.

### III. WAYS AND MEANS

The ways and means by which defendant ALEXSANDR BERNIK perpetrated the wire fraud scheme were as follows:

6. On or about October 3, 2005, ALEXSANDR BERNIK obtained a Fictitious Business Name from Placer County, authorizing him to conduct business under the name of Lexbay Limited. On or about that same date ALEXSANDR BERNIK opened a bank account in the name of Alexander Bernik dba Lexbay Limited (hereinafter the account BERNIK opened is referred to as the "Lexbay Account") at a branch of First Bank located in Roseville, California.

7. Prior to August 2006, and by means unknown to the Grand Jury, defendant ALEXSANDR BERNIK obtained the American Express charge numbers for thousands of individual American Express customers.

8. On a date no later than on or about August 1, 2006, ALEXSANDR BERNIK obtained authorization to conduct American Express charge card transactions as an American Express merchant.

9. Between in or about August 2006, and in or about November 2006, from a location in Roseville, California, defendant ALEXSANDR BERNIK used American Express charge card numbers he obtained to initiate charge card transactions by means of wire communication between the Eastern District of California and the American Express data processing facility in Phoenix, Arizona. When the transactions were processed and approved by American Express, American Express caused funds to be transferred through ACH in the form of a credit to the Lexbay Account at

First Bank. The American Express card holders had not authorized such transactions.

10. In a period between on or about August 1, 2006 and on or about November 1, 2006, the Lexbay Account at First Bank received approximately $177,000 in ACH credits from American Express. During this time frame, the substantial majority of all deposits into the account were ACH credits from American Express.

11. Defendant ALEXANSANDR BERNIK caused the charges described above to appear on American Express customer statements described as transactions with LEXBAY LIMITED ROSEVILLE CA with a merchant address of LEXBAY LIMITED/ALEXANDER 8592 LAS BRISAS CIR ROSEVILLE CA 95747 USA. The charge referred to MOBILE CONTENT - GAMES.

### IV. USE OF THE WIRES IN FURTHERANCE OF THE SCHEME

12. On or about the dates set forth below, in the State and Eastern District of California, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant ALEXSANDR BERNIK did knowingly cause to be transmitted by means of wire in interstate commerce, the writings, signs, signals, and sounds as specified below, that is: the American Express card numbers, expiration dates, security codes, and the transaction amounts for the following transactions, from the Eastern District of California, to the State and District of Arizona:

| COUNT | DATE | TRANSACTION AMOUNT/AMEX CARD NUMBER |
| --- | --- | --- |
| One | 8/24/2006 | $11.24/ending in 1005 |

| | | |
|---|---|---|
| Two | 10/3/2006 | $11.87/ending in 1001 |
| Three | 10/9/2006 | $14.95/ending in 6001 |
| Four | 9/23/2006 | $11.87/ending in 1126 |
| Five | 10/5/2006 | $12.38/ending in 3008 |
| Six | 9/30/2006 | $11.87/ending in 1148 |
| Seven | 10/26/2006 | $13.45/ending in 1007 |
| Eight | 8/26/2006 | $12.38/ending in 1018 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS NINE THROUGH TWELVE: [18 U.S.C. § 1956(a)(1)(B)(ii) - Money Laundering]

The Grand Jury further charges:

ALEXSANDR BERNIK,

defendant herein, as follows:

1. The allegations contained in paragraphs one through twelve of Counts One through Eight of this Indictment are realleged and incorporated herein, as if fully set forth.

2. On or about the dates set forth below, within the Eastern District of California, ALEXSANDR BERNIK did knowingly conduct the financial transactions affecting interstate commerce as set forth below, each of which involved the proceeds of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in part to avoid a transaction reporting requirement under State and Federal Law:

| Count | Date | Financial Transaction |
|---|---|---|
| Nine | 10/20/06 | $9,800 check made payable to Cash and drawn on Lexbay account at First Bank's Vernon Branch and endorsed by BERNIK. |
| Ten | 10/23/06 | $9,500 check made payable to Cash and drawn on Lexbay Account at First Bank's Douglas Branch and endorsed by BERNIK. |
| Eleven | 10/26/06 | $9,000 check made payable to Cash and drawn on Lexbay Account at First Bank's Vernon Branch and endorsed by BERNIK. |
| Twelve | 11/1/06 | $9,800 check made payable to Cash and drawn on Lexbay Account at First Bank's Vernon Branch and endorsed by BERNIK. |

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(ii).

COUNTS THIRTEEN THROUGH SIXTEEN: [18 U.S.C. § 1014 -False Statements in Loan Applications]

The Grand Jury further charges:

ALEXSANDR BERNIK,

defendant herein, as follows:

1. On or about the dates set forth below, within the Eastern District of California, did knowingly make a false statement upon an application and loan for the purpose of

influencing in any way the action of a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation:

| Count | Approximate Date of False Statement | Loan Amount(s) | Manner in Which Statement Was False |
|---|---|---|---|
| Thirteen | 11/4/2005 | $272,000 primary loan and $68,000 secondary loan. | Overstatement of monthly income on loan application submitted to Freemont Investment and Loan. |
| Fourteen | 11/2/2005 | $272,000 primary loan and $68,000 secondary loan. | Submission of fraudulent bank statements to Freemont Investment and Loan |
| Fifteen | 12/13/2005 | $560,000 primary loan | Overstatement of monthly income on loan application submitted to Downey Savings and Loan. |
| Sixteen | 12/12/2005 | $560,000 primary loan | Submission of fraudulent bank statements to Downey Savings and Loan |

All in violation of Title 18, United States Code, Sections 2 and 1014.

///
///
///
///

7

FORFEITURE NOTICE: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a) - Criminal Forfeiture]

The Grand Jury further charges: T H A T

1. The allegations contained in Counts One through Eight and Thirteen through Sixteen of this Indictment are realleged and incorporated herein, as if fully set forth. As a result of the offenses alleged in Count One through Eight and Thirteen through Sixteen of this Indictment, defendant ALEXSANDR BERNIK shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real and personal, which constitutes or is derived from proceeds traceable to such alleged violations.

2. The allegations contained in Counts Nine through Twelve of the Indictment are realleged and incorporated herein, as if fully set forth. As a result of the offenses alleged in Counts Nine through Twelve of this Indictment, defendant ALEXANDER BERNIK shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a) all property, real or personal, involved in or traceable to such offense.

3. The United States intends to forfeit property, including but not limited to the sum of the money equal to the sum involved in the scheme to defraud alleged in Counts One through Eight of this Indictment.

4. Pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 18 U.S.C. § 982(b)(1), defendant ALEXSANDR BERNIK shall forfeit substitute property, up to the value of the amount

involved in the offenses giving rise to forfeiture if, by any act or omission of the defendant, the property described in paragraphs 1 and 2 herein, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in violation of Title 18, United States Code, Sections 1014, 1343, 1956, 981(a)(1)(C), 982(a), and 28 U.S.C. § 2461(c).

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
vs.

## ALEXSANDR BERNIK

### INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1343 - Wire Fraud (8 counts); 18 U.S.C. § 1956(a) (1) (B) (ii) - Money Laundering (4 counts); 18 U.S.C. § 1014 - False Statements in Loan Applications; 18 U.S.C. § 981 (a) (1) (C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

*A true bill,*

2:08 CR 217 JAM

/S/

*Foreman.*

*Filed in open court this* 14th *day*

*of* May *, A.D. 20* 08

C Schultz

*Clerk.*

*Bail, $* _____

**NO PROCESS NECESSARY**

GREGORY G. HOLLOWS

GPO 863 525

## PENALTY SLIP

**ALEXSANDR BERNIK**

**COUNTS ONE through EIGHT:**
VIOLATION: 18 U.S.C. § 1343 - Wire Fraud
PENALTY: Not more than 30 years imprisonment, or
Not more than $1,000,000 fine, or both
At least 5 year term of supervised release

**COUNTS NINE through TWELVE:**
VIOLATION: 18 U.S.C. § 1956(a)(1)(B)(ii) - Money Laundering
PENALTY: Not more than 20 years imprisonment, or
Not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or both
At least 3 year term of supervised release

**COUNTS THIRTEEN through SIXTEEN:**
VIOLATION: 18 U.S.C. § 1014 - False Statements in Loan Applications
PENALTY: Not more than 30 years imprisonment, or
Not more than $1,000,000 fine, or both
At least 5 year term of supervised release

FORFEITURE ALLEGATION: 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture
As indicated in the Indictment

PENALTY ASSESSMENT: $100.00 special assessment each count