1  LAWRENCE G. BROWN
   United States Attorney
2  JEAN M. HOBLER
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2909

**FILED**

OCT 2 0 2009

CLERK, U S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:08-CR-217 JAM |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| v. | ) | DATE: |
| | ) | TIME: |
| ALEXSANDR BERNIK, | ) | COURT: |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**I.**

**INTRODUCTION**

**A.  Scope of Agreement:**  The indictment in this case charges
the defendant with eight counts of wire fraud in violation of 18
U.S.C. § 1343; four counts of money laundering in violation of 18
U.S.C. § 1956(a)(1)(B)(ii); and four counts of false statements in
loan applications in violation of 18 U.S.C. § 1014.  This document
contains the complete plea agreement between the United States
Attorney's Office for the Eastern District of California (the
"government") and the defendant regarding this case.  This plea

1

agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.  Rule 11(c)(1)(C) Specific Sentence Agreement:**  The government and the defendant agree that a specific sentence, set forth below in paragraph VI.C., would be appropriate in this case. Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Under the provisions of Rule 11(c)(3), the Court may accept or reject the plea agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.  If the Court accepts the plea agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this plea agreement.  If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw his plea, and advise him that if he persists in a guilty plea the disposition of the case may be less favorable to him than is contemplated by this plea agreement.

## II.

## DEFENDANT'S OBLIGATIONS

**A.  Guilty Pleas:**  The defendant will plead guilty to Counts One and Two of the Indictment charging him with violations of 18 U.S.C. § 1343.  The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

**B.  Restitution:** The Mandatory Victim Restitution Act requires

the Court to order restitution to the victims of certain offenses. In addition to that restitution, the defendant agrees that the Court may order full restitution to any person who would qualify as a victim of the following offenses under 18 U.S.C. § 3663 or 3663A had the defendant been convicted of such offense: Counts Three and Four and Nine through Twelve of the Indictment.  Payment should be by cashier's or certified check made payable to the Clerk of the Court.  Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

   **C.  Special Assessment:**  The defendant agrees to pay a special assessment of $200.00 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

   **D. Forfeiture:**  The defendant voluntarily stipulates and agrees that as part of his sentence the Court may, pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount up to $177,486.19.  The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

///

///

### III.

### THE GOVERNMENT'S OBLIGATIONS

**A.  Dismissals:**  The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment.  The government also agrees not to reinstate any dismissed count except as provided in paragraph VII.B, below.

**B.  Acceptance of Responsibility:**  If the United States Probation Office determines that a three-level reduction in the defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### IV.

### ELEMENTS OF THE OFFENSE

**A.  Elements of the Offense:**  At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, to wit: wire fraud in violation of 18 U.S.C. § 1343:

> 1.  The defendant made up a scheme or plan to obtain money or property by making false statements, promises or representations;
>
> 2.  The defendant knew that the statements, promises or

1    representations were false;

2    3.   The promises or statements were material, that is they

3    would reasonably influence a person to part with money or

4    property.

5    4.   The defendant acted with the intent to defraud; and

6    5.   The defendant used, or caused to be used, the

7    interstate wires to carry out an essential part of the

8    scheme.

9                                    **V.**

10                          **MAXIMUM SENTENCE**

11    **A.   Maximum Penalty:**   The maximum sentence that the Court can

12    impose on each count of conviction is twenty years of incarceration,

13    a fine of $250,000, a three year period of supervised release and a

14    special assessment of $100.00.   By signing this Plea Agreement, the

15    defendant also agrees that the Court can order the payment of

16    restitution for the full loss caused by the defendant's wrongful

17    conduct.   The defendant agrees that the restitution order is <u>not</u>

18    restricted to the amounts alleged in the specific counts to which

19    the defendant is pleading guilty.   The defendant further agrees that

20    he will not attempt to discharge in any present or future bankruptcy

21    proceeding any restitution imposed by the Court.

22    **B.   Violations of Supervised Release:**   The defendant understands

23    that if he violates a condition of supervised release at any time

24    during the term of supervised release, the Court may revoke the term

25    of supervised release and require the defendant to serve up to two

26    (2) additional years imprisonment.

27    ///

28    ///

# VI.

## SENTENCING DETERMINATION

**A.   Statutory Authority:**   The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence.   The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.   The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.   Factors Affecting Guidelines Calculation:**   The government and the defendant set forth stipulations regarding the following sentencing guidelines variables:

**1.   Applicable Guideline Section:** Guideline Section 2B1.1 is the guideline section that applies to the offense to which the defendant is pleading guilty pursuant to this agreement.

**2.   Base Offense Level:** Pursuant to U.S.S.G. §2B1.1, the base offense level is 7.

**3. Specific Offense Characteristics:**

(A) The parties stipulate and agree that the attempted and actual loss in this matter totals $177,486.19.

(B) The offense involved the production or trafficking of unauthorized access devices.  Thus, pursuant to 2B1.1(b)(10), an additional 2 levels apply.

(C) The offense involved 250 or more victims and thus, pursuant to § 2B1.1 (b)(2)(C), an additional 6 levels apply.

**6. Acceptance of Responsibility:** <u>See</u> paragraph III(B)(2) above.

**C. Specific Sentence Agreement:** The parties stipulate and agree that defendant should be sentenced to 70 months incarceration in a federal facility, followed by a three year period of supervised release with terms of supervised release as recommended by the United States Probation Office.

**VII.**

**WAIVERS**

**A. Waiver of Constitutional Rights:**  The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:**  The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up the

7

1  right to appeal the conviction and the right to appeal any aspect of

2  the sentence imposed in this case.  He specifically gives up his right

3  to appeal any order of restitution the Court may impose.

4      Regardless of the sentence he receives, the defendant also gives

5  up any right he may have to bring a post-appeal attack on his

6  conviction or his sentence.  He specifically agrees not to file a

7  motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or

8  sentence.

9      Notwithstanding the agreement in paragraph III. A. above that the

10  government will move to dismiss counts against the defendant, if the

11  defendant ever attempts to vacate his plea, dismiss the underlying

12  charges, or reduce or set aside his sentence on any of the counts to

13  which he is pleading guilty, the government shall have the right (1)

14  to prosecute the defendant on any of the counts to which he pleaded

15  guilty; (2) to reinstate any counts that may be dismissed pursuant to

16  this plea agreement; and (3) to file any new charges that would

17  otherwise be barred by this plea agreement.  The decision to pursue

18  any or all of these options is solely in the discretion of the United

19  States Attorney's Office.  By signing this plea agreement, the

20  defendant agrees to waive any objections, motions, and defenses he

21  might have to the government's decision.  In particular, he agrees not

22  to raise any objections based on the passage of time with respect to

23  such counts including, but not limited to, any statutes of limitation

24  or any objections based on the Speedy Trial Act or the Speedy Trial

25  Clause of the Sixth Amendment.

26      **C.  Waiver of Attorneys' Fees and Costs:**  The defendant agrees to

27  waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119

28  (Nov. 26, 1997), to recover attorneys' fees or other litigation

expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

**A.  Defense Counsel:**  I have read this Plea Agreement and have discussed it fully with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED:  _10/20/09_              _____
                               BEN GALLOWAY
                               Attorney for Defendant

**B.  Defendant:**  I have read this Plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced

9

1  me in any way to enter into this plea agreement.  Finally, I am
2  satisfied with the representation of my attorney in this case.

3

4  DATED:    10/20/09                    X _____
                                          ALEXSANDR BERNIK , Defendant
5

6      **C.   Attorney for United States:**  I accept and agree to this plea

7  agreement on behalf of the government.

8  DATED:   10/20/2009                   LAWRENCE G. BROWN
                                         United States Attorney
9

10                                 By: _____
11                                     JEAN M. HOBLER
                                       Special Assistant U.S. Attorney
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

2                                  EXHIBIT "A"

3                      Factual Basis for Plea ~~Plea~~ *Jam*

4       At relevant times, ALEXSANDR BERNICK resided in Roseville,
California.  In October 2005, defendant ALEXSANDR BERNIK established
5   a fictitious business named Lexbay Limited.  At approximately this
same time, he opened a bank account at a branch of First Bank in
6   Roseville, California under this fictitious business name.  Bank
records reflect that at all times he maintained sole signatory
7   authority over the account.

8       American Express Company is a financial services company.  As
part of its business, it authorized merchants to charge American
9   Express when an American Express customer initiated a transaction
with the merchant using an American Express charge card.  In the
10  United States, American Express charge card transactions were
processed through American Express' main data processing center in
11  Phoenix, Arizona.

12      In perpetrating the scheme, BERNIK established Lexbay Limited
as a merchant authorized to accept American Express charge card
13  transactions.  Between August 2006 and early November 2006, Lexbay
Limited initiated individual charges to American Express card
14  numbers in amounts ranging from $9 to $15, each for "mobile content
-games" under the name "Lexbay/Alexander." These charges generated
15  receipts from American Express in the amount of $177,486.19 in
credits.  Those credits were made to the Lexbay bank account at First
16  Bank.  The fraudulent American Express charges show Lexbay/Alexander
as operating from 8592 Las Brisas Cir., Roseville, CA.  This is a
17  prior known address for defendant BERNIK.  In addition, defendant
BERNIK admitted to an arresting law enforcement agent that he was the
18  sole owner and operator of Lexbay Limited.

19      These American Express charges were fraudulent.  American
Express received approximately 270 customer complaints relating to
20  charges from "Lexbay/Alexander."  In the case of these complaints,
the customers complained about nonrecurring charges, meaning that
21  each customer was complaining about a single fraudulent charge to
his or her American Express account.  In addition, the United States
22  Secret Service sent out letters to 49 American Express customers
that, according to American Express, had been charged for "mobile
23  content - games" by Lexbay/Alexander.  All of the customers that
responded to that letter (approximately 27 of the 49 customers)
24  indicated that they did not place an order with Lexbay and had never
heard of Lexbay until receiving their American Express statement
25  showing the charge.  In executing the scheme, defendant ALEXSANDR
BERNIK caused at least 11,800 American Express numbers to be used to
26  make fraudulent American Express charges.

27      In particular, on or about August 24, 2006, defendant BERNIK
caused a fraudulent charge in the amount of $11.24 to be made to the
28  account of an American Express member whose American Express card

                                    A-1

1  ends in the number "1005."  On or about October 3, 2006, he caused a
   fraudulent charge in the amount of $11.87 to be made to the account
2  of American Express member whose American Express card ends in the
   number"1001."  These charges were initiated by means of wire from
3  the Eastern District of California to the District of Arizona.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A-2